FILED
CLERK, U.S. DISTRICT COURT
12/21/23
CENTRAL DISTRICT OF CALIFORNIA
BY: JB DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

VICTOR DANIEL MEZA ORTIZ,
aka "Dani,"
aka "Vecino,"
OSCAR AHUMADA LEYVA,
aka "Carin,"
ALFREDO ARAUJO ALGANDAR,
aka "Pumba,"
aka "Compadre,"
FRANCISCO FABIAN TORRES GAONA,
aka "Borrego,"
aka "Borre,"
JUAN CARLOS MORENO FLORES,
aka "Muneco,"
aka "Hormigon,"
MIGUEL ANTONIO RABAGO VALENZUELA,
aka "Miguel Antonio Rabago,"
aka "Mickey,"
GUSTAVO RIVERO RODRIGUEZ,
CARLOS ESPINOZA,
aka "Papi Carlitos,"
DOMINGO RUIZ SOTO,
aka "Mingo,"
ERICK ROQUE ANGELES,
DAVID SANCHEZ BALDERAS,
FERNANDO SALGADO,
ROCIO GUADALUPE ACEVEDO TONCHE,
TONIEL BAEZ-DUARTE,
aka "Saul Camacho,"

CR No. 2:23-cr-00653-MEMF

I N D I C T M E N T

[21 U.S.C. § 963: Conspiracy to Import Controlled Substances and to Distribute Controlled Substances for the Purpose of Unlawful Importation; 21 U.S.C. § 846: Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances; 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C): Possession with Intent to Distribute Controlled Substances; 18 U.S.C. § 1956(h): Conspiracy to Launder Monetary Instruments; 21 U.S.C. §§ 853 and 970, 18 U.S.C. § 982: Criminal Forfeiture]

aka "Exnel Baize Duarte,"
EFREN QUIBRERA ESPINOZA,
VICTOR IGNACIO BELTRAN AUDELO,
and
NERY ALVARADO ALVARADO,
aka "Martin,"

Defendants.

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 963]

[DEFENDANTS MEZA, AHUMADA, ARAUJO, TORRES, MORENO, RABAGO, RIVERO, and ESPINOZA]

Beginning on a date unknown, and continuing to on or about December 21, 2023, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendants VICTOR DANIEL MEZA ORTIZ, also known as ("aka") "Dani," aka "Vecino," OSCAR AHUMADA LEYVA, aka "Carin," ALFREDO ARAUJO ALGANDAR, aka "Pumba," aka "Compadre," FRANCISCO FABIAN TORRES GAONA, aka "Borrego," aka "Borre," JUAN CARLOS MORENO FLORES, aka "Muneco," aka "Hormigon," MIGUEL ANTONIO RABAGO VALENZUELA, aka "Miguel Antonio Rabago," aka "Mickey," GUSTAVO RIVERO RODRIGUEZ, and CARLOS ESPINOZA, aka "Papi Carlitos," and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally import into the United States from a place outside thereof, and to knowingly and intentionally distribute for the purpose of such importation, the following controlled substances:

(a) At least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug

controlled substance, in violation of Title 21, United States Code, Sections 952(a), 959(a), 960(a)(1), (a)(3), and 960(b)(1)(F);

(b) At least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, and at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a), 959(a), 960(a)(1), (a)(3), and 960(b)(1)(H); and

(c) At least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 952(a), 959(a), 960(a)(1), (a)(3), and 960(b)(1)(A).

COUNT TWO

[21 U.S.C. § 846]

[ALL DEFENDANTS]

Beginning on a date unknown, and continuing to on or about December 21, 2023, in Los Angeles, Orange, and San Bernardino Counties, within the Central District of California, and elsewhere, defendants VICTOR DANIEL MEZA ORTIZ, also known as ("aka") "Dani," aka "Vecino," OSCAR AHUMADA LEYVA, aka "Carin," ALFREDO ARAUJO ALGANDAR, aka "Pumba," aka "Compadre," FRANCISCO FABIAN TORRES GAONA, aka "Borrego," aka "Borre," JUAN CARLOS MORENO FLORES, aka "Muneco," aka "Hormigon," MIGUEL ANTONIO RABAGO VALENZUELA, aka "Miguel Antonio Rabago," aka "Mickey," GUSTAVO RIVERO RODRIGUEZ, CARLOS ESPINOZA, aka "Papi Carlitos," DOMINGO RUIZ SOTO, aka "Mingo," ERICK ROQUE ANGELES, DAVID SANCHEZ BALDERAS, FERNANDO SALGADO, ROCIO GUADALUPE ACEVEDO TONCHE, TONIEL BAEZ-DUARTE, aka "Saul Camacho," aka "Exnel Baize Duarte," EFREN QUIBRERA ESPINOZA, VICTOR IGNACIO BELTRAN AUDELO, and NERY ALVARADO ALVARADO, aka "Martin," and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally distribute and possess with intent to distribute:

(a) At least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi);

(b) At least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, and at least 50 grams of methamphetamine, a Schedule II controlled substance, in

violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii); and

(c) At least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(i).

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS MORENO, TORRES, and RUIZ]

On or about March 17, 2022, in Los Angeles County, within the Central District of California, defendants JUAN CARLOS MORENO FLORES, also known as ("aka") "Muneco," aka "Hormigon," FRANCISCO FABIAN TORRES GAONA, aka "Borrego," aka "Borre," and DOMINGO RUIZ SOTO, aka "Mingo," each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 4.362 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i); 18 U.S.C. § 2(a)]

[DEFENDANTS MORENO, TORRES, and RUIZ]

On or about March 17, 2022, in Los Angeles County, within the Central District of California, defendants JUAN CARLOS MORENO FLORES, also known as ("aka") "Muneco," aka "Hormigon," FRANCISCO FABIAN TORRES GAONA, aka "Borrego," aka "Borre," and DOMINGO RUIZ SOTO, aka "Mingo," each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least one kilogram, that is, approximately 2.023 kilograms, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS TORRES and SALGADO]

On or about July 5, 2022, in Los Angeles and Orange Counties, within the Central District of California, defendants FRANCISCO FABIAN TORRES GAONA, also known as ("aka") "Borrego," aka "Borre," and FERNANDO SALGADO, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 2.309 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS TORRES and SALGADO]

On or about July 5, 2022, in Los Angeles and Orange Counties, within the Central District of California, defendants FRANCISCO FABIAN TORRES GAONA, also known as ("aka") "Borrego," aka "Borre," and FERNANDO SALGADO, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 240 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT MORENO]

On or about July 6, 2022, in Los Angeles County, within the Central District of California, defendant JUAN CARLOS MORENO FLORES, also known as ("aka") "Muneco," aka "Hormigon," knowingly and intentionally possessed with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i)]

[DEFENDANT MORENO]

On or about July 6, 2022, in Los Angeles County, within the Central District of California, defendant JUAN CARLOS MORENO FLORES, also known as ("aka") "Muneco," aka "Hormigon," knowingly and intentionally possessed with intent to distribute at least one kilogram, that is, approximately 1.9837 kilograms, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS MORENO, ROQUE, and ACEVEDO]

On or about July 22, 2022, in Los Angeles and San Bernardino Counties, within the Central District of California, defendants JUAN CARLOS MORENO FLORES, also known as ("aka") "Muneco," aka "Hormigon," ERICK ROQUE ANGELES, and ROCIO GUADALUPE ACEVEDO TONCHE, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 1.955 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i); 18 U.S.C. § 2(a)]

[DEFENDANTS MORENO and BAEZ-DUARTE]

On or about August 31, 2022, in Los Angeles and San Bernardino Counties, within the Central District of California, defendants JUAN CARLOS MORENO FLORES, also known as ("aka") "Muneco," aka "Hormigon," and TONIEL BAEZ-DUARTE, aka "Saul Camacho," aka "Exnel Baize Duarte," each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least one kilogram, that is, approximately 7.971 kilograms, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

COUNT ELEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS MEZA, ESPINOZA, RIVERO, and QUIBRERA]

On or about November 17, 2022, in Los Angeles County, within the Central District of California, defendants VICTOR DANIEL MEZA ORTIZ, also known as ("aka") "Dani," aka "Vecino," CARLOS ESPINOZA, also known as "Papi Carlitos," GUSTAVO RIVERO RODRIGUEZ, and EFREN QUIBRERA ESPINOZA, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 2.254 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWELVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i)]

[DEFENDANT RIVERO]

On or about December 1, 2022, in Orange County, within the Central District of California, defendant GUSTAVO RIVERO RODRIGUEZ knowingly and intentionally possessed with intent to distribute at least one kilogram, that is, approximately 2.013 kilograms, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

COUNT THIRTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i)]

[DEFENDANT RIVERO]

On or about December 6, 2022, in Orange County, within the Central District of California, defendant GUSTAVO RIVERO RODRIGUEZ knowingly and intentionally possessed with intent to distribute at least one kilogram, that is, approximately 2.146 kilograms, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

COUNT FOURTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS RIVERO and BELTRAN]

On or about December 13, 2022, in Los Angeles County, within the Central District of California, defendants GUSTAVO RIVERO RODRIGUEZ and VICTOR IGNACIO BELTRAN AUDELO, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 2.192 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FIFTEEN

[18 U.S.C. § 1956(h)]

[DEFENDANT AHUMADA]

Beginning on a date unknown, and continuing to on or about December 21, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants OSCAR AHUMADA LEYVA, also known as ("aka") "Carin," and others known and unknown to the Grand Jury, conspired and agreed with each other to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce with the intent to promote the carrying on of specified unlawful activity, namely, the unlawful distribution of controlled substances, knowing that the funds involved in those financial transactions represented the proceeds of some form of unlawful activity, and which funds were, in fact, the proceeds of a specified unlawful activity, namely, the unlawful distribution of controlled substances, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

FORFEITURE ALLEGATION ONE

[21 U.S.C. §§ 853 and 970]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Sections 853 and 970, in the event of any defendant's conviction of the offenses set forth in Counts One through Fourteen of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of defendant's conviction of the offense set forth in Count Fifteen of this Indictment.

2. Defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

A TRUE BILL

/S/

Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, International Narcotics, Money Laundering, and Racketeering Section

CHRISTOPHER C. KENDALL
Assistant United States Attorney
Deputy Chief, International Narcotics, Money Laundering, and Racketeering Section

JEHAN M. PERNAS
Assistant United States Attorney
International Narcotics, Money Laundering, and Racketeering Section