E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER C. KENDALL (Cal. Bar. No. 274365)
JEHAN PERNAS (Cal. Bar No. 320584)
Assistant United States Attorneys
Deputy Chiefs, International Narcotics,
Money Laundering, and Racketeering Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2576/0319
Facsimile: (213) 894-0142
E-mail: christopher.kendall@usdoj.gov
jehan.pernas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GUSTAVO RIVERO RODRIGUEZ,<br><br>Defendant. | No. CR 23-653-DSF-7<br><br><u>PLEA AGREEMENT FOR DEFENDANT GUSTAVO RIVERO RODRIGUEZ</u> |

1. This constitutes the plea agreement between GUSTAVO RIVERO RODRIGUEZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count two of the Indictment in United States v. Victor Daniel Meza Ortiz, et al., CR No. 23-653-DSF, which charges defendant with Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h. Agree to and not oppose the imposition of the following condition of probation or supervised release:
defendant shall consent to search at any time of the day or night, with or without a search warrant, warrant of arrest, probable cause, or reasonable suspicion by any probation officer or law enforcement officer -- and waives any right to object to any search and seizure -- of his person, residence, vehicle, digital devices and their

peripheral equipment, and any other real or personal property under defendant's control.

3. Defendant further agrees:

a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty (collectively, the "Forfeitable Assets").

b. To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c. To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d. Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets. If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e. Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f. Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g. To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h. To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i. That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

THE USAO'S OBLIGATIONS

4. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e. Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing

Guidelines range, provided that the offense level used by the Court to determine that range is 31 or higher and provided that the Court does not depart downward in offense level or criminal history category, and subject to any applicable mandatory minimum. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

NATURE OF THE OFFENSE

5. Defendant understands that for defendant to be guilty of the crime charged in count two, that is, Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), the following must be true: (1) there was an agreement between two or more persons to distribute and to possess with intent to distribute controlled substances; and (2) defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

6. Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that, over the course of defendant's membership in the conspiracy, defendant conspired to distribute and possess with intent to distribute: at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, at least 50 grams of methamphetamine, or at least one kilogram of a mixture and substance containing a detectable amount of heroin. Defendant admits that defendant, in fact, conspired to distribute and possess with

intent to distribute at least 400 grams of fentanyl and at least one kilogram of a mixture and substance containing a detectable amount of heroin.

PENALTIES

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 846, 841(a)(1), as charged in count two of the Indictment, pursuant to 21 U.S.C. § 841(b)(1)(A) is: life imprisonment; a lifetime period of supervised release; a fine of $10 million or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 846, 841(a)(1), as charged in count two of the Indictment, pursuant to 21 U.S.C. § 841(b)(1)(A), is: ten years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

9. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

10. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that

if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant’s guilty plea.

12. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and

that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

13. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

> Beginning on a date unknown and continuing to on or about February 8, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant knowingly and intentionally agreed with co-conspirators to distribute and possess with intent to distribute controlled substances. Intending to help accomplish the purpose of the conspiracy, defendant knowingly conspired to distribute at least 400 grams of fentanyl, a Schedule II narcotic drug controlled substance, and at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance. In furtherance of this conspiracy, defendant committed at least the following overt acts:
>
> > On November 17, 2022, defendant, using coded language in a telephone conversation, spoke with a co-conspirator ("Co-Conspirator 1") and agreed to deliver drugs to another co-conspirator ("Co-Conspirator 2"). The same day, defendant drove a truck from Mexico into the United States. Inside the truck, defendant possessed a fire extinguisher loaded with pills containing approximately 2,254 grams of a mixture and substance containing a detectable amount of fentanyl. The same day, in Los Angeles County, within the Central District of California, defendant approached

Co-Conspirator 2's vehicle and handed him the fire extinguisher containing the fentanyl pills.

On December 1, 2022, defendant crossed the border from Mexico into the United States and proceeded north toward the Los Angeles area, where he delivered a red fire extinguisher containing approximately 2,013 grams of a mixture or substance containing a detectable amount of heroin to another co-conspirator.

On December 6, 2022, defendant crossed the border from Mexico into the United States and proceeded north toward the Los Angeles area, where he delivered a red fire extinguisher containing approximately 2,146 grams of a mixture or substance containing a detectable amount of heroin to another co-conspirator.

On December 13, 2022, defendant crossed the border from Mexico into the United States and proceeded north toward the Los Angeles area, where he delivered a red fire extinguisher containing approximately 2,192 grams of a mixture or substance containing a detectable amount of fentanyl to another co-conspirator.

On February 8, 2024, defendant drove a truck from Mexico to the Otay Mesa Port of Entry in San Diego, California. Inside the truck, defendant possessed a fire extinguisher containing approximately 1,013 grams of a mixture or substance containing a detectable amount of fentanyl.

SENTENCING FACTORS

14. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate between the mandatory minimum and the maximum set by statute for the crime of conviction.

15. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 34 | U.S.S.G. §§ 2D1.1(a)(5), (c)(3) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

16. Defendant and the USAO agree that:

a. Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense charged in count 2;

b. The offense charged in count 2 did not result in death or serious bodily injury to any person; and

c. Defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in count 2 and was not engaged in a continuing criminal enterprise.

17. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

20. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

21. Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the Sentencing Guidelines range corresponding to an offense level of 31 and the criminal history category calculated by the Court, subject to any applicable mandatory minimum, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

22. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an

explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

23. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the Sentencing Guidelines range corresponding to an offense level of 31 and the criminal history category calculated by the Court, subject to any applicable mandatory minimum, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

24. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

26. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

27. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

28. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

29. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

NO ADDITIONAL AGREEMENTS

32. Defendant understands that, except as set forth herein and in any contemporaneous agreement or addendum signed by all parties, there are no promises, understandings, or agreements between the USAO

and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

33. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

| | |
|---|---|
| CHRISTOPHER C. KENDALL<br>JEHAN PERNAS<br>Assistant United States Attorneys | June 20, 2024<br>Date |
| GUSTAVO RIVERO RODRIGUEZ<br>Defendant | 06/19/24<br>Date |
| DAVID REED<br>Attorney for Defendant GUSTAVO RIVERO RODRIGUEZ | 6/19/2024<br>Date |

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement or in an agreement signed by all parties or on the record in court. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

Gustavo R

GUSTAVO RIVERO RODRIGUEZ
Defendant

06/19/24

Date

CERTIFICATION OF INTERPRETER

I, ALEJANDRO L. FRANCO am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant Gustavo Rivero Rodriguez on this date.

Alejandro L Franco
INTERPRETER

06/19/2024
Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am GUSTAVO RIVERO RODRIGUEZ's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement or in an agreement signed by all parties or on the record in court; no one has threatened or forced my client in any way to enter into this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

DAVID REED
Attorney for Defendant GUSTAVO RIVERO RODRIGUEZ

6/19/2024
Date